**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00008-MR**

| | |
|---|---|
| **JERITON LAVAR CURRY,** ) ) **Plaintiff,** ) ) vs. ) ) **USP COLEMAN, et al.,** ) ) **Defendants.** ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on review of the Plaintiff's Complaint [Doc. 1]. Also pending is a "Motion for Permission to File Second Successful [sic] 2255 in 10th Circuit, and Motion for Status Update on Pending Bivens Claim Lawsuit." [Doc. 7]. The Plaintiff has filed an Application to proceed in forma pauperis. [Doc. 5].

The pro se Plaintiff, who is presently incarcerated at the Florence United States Penitentiary in Florence, Colorado, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] addressing incidents that allegedly occurred at the Coleman United States Penitentiary in Sumterville, Florida.

---

[1] The Plaintiff also cites 42 U.S.C. § 1983; however, he does not assert any claims against state actors.

A civil action in which a defendant is an officer or employee of the United States, or an agency of the United States may be brought in a judicial district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action…." 28 U.S.C. § 1391(e)(1).  Further, a court may transfer a civil action to any district where the action might have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

The incidents at issue in this case allegedly occurred, and the Defendants were employed, at USP Coleman, which is located in Sumter County in the Middle District of Florida. The Plaintiff presently resides in Colorado.  To the extent that Plaintiff may be able to state a cognizable claim against any Defendant, venue is appropriate in the Middle District of Florida where the events giving rise to the claims occurred and where the Defendants appear to be located.

For the reasons stated herein, this action will be transferred to the Middle District of Florida.  The Court thus declines to rule on the Plaintiff's pending Motions.  [Docs. 5, 7].

**IT IS, THEREFORE, ORDERED** that the Clerk of this Court is hereby ordered to transfer this action to the Middle District of Florida.

**IT IS SO ORDERED.**

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge